ALBERT RIGGS, Respondent, *v.* FREDERICK WAYDELL, JOHN H. WAYDELL, and W. ANDERSON WAYDELL, Appellants.

*Offer of judgment — when an amendment to, not allowed — Code of Civil Procedure, § 740.*

Defendants' attorney served an offer to allow judgment to be taken for a sum named, with costs, which was signed by him, but was not accompanied by an affidavit showing his authority to make it, as required by section 740 of the Code of Civil Procedure. Plaintiff served a notice declining to accept the offer but giving no reason therefor. Upon the trial the plaintiff recovered less than the amount named in the offer.

Thereafter the defendant moved to be allowed to amend the offer by annexing thereto his affidavit showing his authority to make it. *Held,* that the motion was properly denied. (Brady, J., dissenting.)

Appeal from an order denying a motion made by the defendants to amend an offer of judgment and for an additional allowance.

The action was brought to recover $4,442.50 as a balance due for goods sold and delivered. The answer was a general denial. Twenty days after the service of the answer, and before further proceedings were had in the action, an offer for judgment was served on plaintiff's attorney as follows: * * * "The defendants in this action hereby offer to allow judgment to be taken therein against them for the sum of $800, and interest thereon from April 26, 1877, with costs. * * * N. B. Hoxie, defendants' attorney." The defendants' attorney was in fact authorized to make such an offer. Plaintiff's attorney served a notice that

"the plaintiff in this action cannot accept the offer of judgment made by the defendants." The referee found for the plaintiff for $722.49. Defendants' motion for an allowance, and for leave to make and serve an affidavit of authority *nunc pro tunc*, was denied upon the ground that the offer was invalid, for want of the affidavit mentioned in section 740 of the Code of Civil Procedure, *i. e.*, that the attorney was authorized to make the offer.

*N. B. Hoxie*, for the appellants.

*J. Hervey Cook*, for the respondent.

Davis, P. J.:

In passing upon the question involved in this opinion, the court below gave the following brief opinion :

Barrett, J.:

There is no material distinction between this case and *McFarren v. St. John* (14 Hun, 387). The declination was superfluous, and left the matter precisely as though it had not been served. There is no such thing as creating an offer by waiver ; either there was an effective offer or there was not. The plaintiff could not waive it into validity as against the defendants. True, he called it the defendants' offer, and so it was the defendants' invalid offer. It comes to this : If the defendants desired the benefit of the statute, they were bound to do just what the statute pointed out. This they did not do, consequently the cause proceeded without a statutory offer. To talk of amending so as to alter the present legal status is to misconceive the office of amendment. Besides, that would be to make now and for the first time a good offer. That being so, by what authority would we deprive the plaintiff of his statutory right to accept within ten days from the present date ? The motion to amend by adding the affidavit of authority required by section 740 of the Code of Civil Procedure, and for an allowance, must be denied, but under the circumstances, without costs."

We think this opinion is entirely correct. The verdict recovered was less by a considerable sum than the amount named in the offer ; but as the offer did not comply with the requirements of the

Code, it was invalid, and the plaintiff was not under obligations to accept it.

We cannot by order now put the parties in the condition they were at the time the invalid offer was made, without allowing the plaintiff the opportunity to elect to accept the amount offered as of the date of the offer.

If the plaintiff accepted the offer he would be entitled to judgment for the amount of the offer, with costs up to that time, and the trial and subsequent proceedings would go for nothing.

We think the order should be affirmed, for the reasons assigned by the court below, with ten dollars costs and disbursements.

POTTER, J., concurred.

BRADY, J., dissenting :

The offer to allow judgment to be taken in this case was not returned in consequence of its non-compliance with the 740th section of the Code of Civil Procedure. The answer to it was simply that the plaintiff would not accept the offer of judgment made. This non-compliance was dated January 5, 1878, and it seems to have been accompanied by a letter of the same date to which reference is made in the offer. No suggestion is made in the letter, nor in the notice of non-acceptance of any irregularity or informality of the offer. Nor was any reference made to such a circumstance in the subsequent letter of January 18, 1878, and it appears that the defendant's attorney was not aware of it until the 9th of November, 1878.

It is quite apparent, therefore, that when the offer was declined, it was upon its merits, and not by reason of any irregularity or non-compliance with the statute. I think the plaintiff's attorney was bound to state his reasons for rejecting the offer, if they rested upon its non-compliance or imperfection in not conforming to the section of the Code mentioned.

The propriety of requiring this to be done is illustrated by the fact that the error in form was not discovered by the defendant's attorney until after the report of the referee was made. The silence of the plaintiff's attorney justified him in assuming that the offer was rejected, solely because the sum named was too small. Having initiated a *bona fide* proceeding to avail himself of the provision of

the Code on the subject of offering a judgment to be taken against him, the law of amendments was sufficiently comprehensive to permit the defendant to correct the error committed, and it ought to have been allowed under the circumstances of this case.    I therefore dissent.

Order affirmed, with ten dollars costs and disbursements.